UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BILL SAUNDERS,

                              Plaintiff,

        -v-

KIM P. BONSTROM, ET AL.,

                              Defendants.

Case No. 05-CV-7350 (KMK)

<u>OPINION & ORDER</u>

KENNETH M. KARAS, District Judge:

        This lawsuit is another in a long line of meritless lawsuits filed by Plaintiff in the

Southern District of New York.  Plaintiff's record in the Southern District of New York

demonstrates that he has abused the litigation process in order to advance fruitless claims against

scores of defendants for more than 16 years.[1]  *See Saunders v. Edwards*, No. 03 Civ. 1087, 2003

WL 22871912, at *2 (S.D.N.Y. Dec. 4, 2003) (identifying eleven previously dismissed lawsuits

filed by Plaintiff in the S.D.N.Y.); *Saunders v. City of New York*, No. 99 Civ. 2257 (S.D.N.Y.

Mar. 25, 1999); *Saunders v. Div. of Parole*, No. 97 Civ. 5751 (S.D.N.Y. Aug. 15, 1997);

*Saunders v. Edwards*, No. 96 Civ. 9574 (S.D.N.Y. Dec. 20, 1996); *Saunders v. N.Y. State Div. of

Parole*, No. 96 Civ. 6919 (S.D.N.Y. Dec. 3, 1996); *Saunders v. State & County of New York*, No.

93 Civ. 5518 (S.D.N.Y. Aug. 6, 1993); *Saunders v. The Justice of & the Supreme Court*, No. 93

Civ. 0199 (S.D.N.Y. Jan. 14, 1993); *Saunders v. Clerk of the Court*, No. 91 Civ. 3588 (S.D.N.Y.

---

        [1]Plaintiff's frivolous claims have also been advanced in other districts, also to no avail.
*See Saunders v. Justices of the Supreme Court*, No. 94 Civ. 01631 (D.D.C. 1994) (dismissing
complaint *sua sponte*); *Saunders v. AT&T Co.*, No. 94 Civ. 01480 (D.N.J. 1994) (dismissing
complaint *sua sponte* and upon motion to dismiss).

Sept. 29, 1991); *Saunders v. State of New York*, No. 91 Civ. 2833 (S.D.N.Y. Apr. 25, 1991);

*Saunders v. Pro Se Office of U.S. District Court*, No. 90 Civ. 2574 (S.D.N.Y. May 29, 1990).

Plaintiff's lawsuits share a common theme:  they target various state and federal officials, as well as private citizens, who were in any way connected, however tangentially, to Plaintiff's arrest, criminal prosecution, or incarceration in New York state.  Some of Plaintiff's lawsuits name the same individuals as defendants in successive lawsuits for essentially the same underlying conduct, as he has done in this case with respect to Defendants Morgenthau, Keller, and Miller.  *See, e.g.*, *Saunders v. City & County of New York*, 2000 WL 1336174, at *1 (S.D.N.Y. Sept. 15, 2000) (naming Morgenthau and Keller as defendants); *Saunders v. City of New York*, 99 Civ. 9206 (S.D.N.Y. Sept. 21, 1999) (naming Keller, Morgenthau, and Miller as defendants); *Saunders v. N.Y. State Div. of Parole*, No. 96 Civ. 6919 (S.D.N.Y. Dec. 3, 1996) (naming Morgenthau as a defendant).  Despite repeated dismissals of his numerous lawsuits, Plaintiff remains undeterred.

Plaintiff's insatiable appetite for frivolous and vexatious litigation led then-Chief Judge Griesa to twice enjoin Plaintiff "from filing any future action in this Court without seeking prior leave of the Court."[2]  *Saunders v. City of New York*, No. 99 Civ. 9206, slip op. at 3 (S.D.N.Y. Sept. 21, 1999); *see also Saunders v. City of New York*, No. 00-0014 (2d Cir. May 11, 2000) (dismissing Plaintiff's appeal of Judge Griesa's Order enjoining Plaintiff); *Saunders v. City &*

---

[2]It is well within the authority of a district court to enjoin a litigant from pursuing frivolous litigation.  *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam) ("The equity power of a court to give injunctive relief against vexatious litigation is an ancient one . . . .").

*County of New York*, 2000 WL 1336174 (enjoining Plaintiff for a second time from filing any further actions without seeking prior leave of the court).  Judge Griesa imposed that restriction on Plaintiff, because he continued to advance "many of the same frivolous and malicious allegations contained in a long series of frivolous actions brought in this Court dating back to 1990." *Saunders v. City of New York*, No. 99 Civ. 9206, slip op. at 2.  Unfortunately, that trend has continued, largely unabated.

Plaintiff failed to comply with Judge Griesa's Order when he filed the Complaint in this action without seeking prior leave of this Court, and it is therefore dismissed.[3]  To be sure, even if Plaintiff had sought this Court's permission to file his Complaint, it would not have been granted, because Plaintiff's claims are baseless.  *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.").[4]

The injunction imposed on Plaintiff by Judge Griesa was intended, *inter alia*, to preserve scarce judicial resources that ought not be wasted upon the consideration of arguments put forth by serial litigants who consistently advance unmeritorious claims.  It is therefore appropriate for

---

[3] Plaintiff objected to Judge Griesa's "leave to file" injunction in a letter to the Court. (Bill Saunders Letter to the Court, Dec. 30, 2005.)  In that letter, Plaintiff also sought the appointment of a guardian *ad litem* or the appointment of counsel.  (*Id.*)  Plaintiff's objections to Judge Griesa's Order are unpersuasive, and his request for the appointment of a guardian *ad litem* or the appointment of counsel were previously denied by this Court.  *See Saunders v. Bonstrom, et al.*, No. 05 Civ. 7350 (S.D.N.Y. Jan. 24, 2006) (denying the appointment of a guardian *ad litem* or the appointment of counsel).

[4] Plaintiff's claims are also dismissed because they fail to state a claim upon which relief can be granted, which is discussed *infra*.

3

the Court to dismiss Plaintiff's case without a lengthy opinion in which the Court lays out a detailed explanation of its decision.  It is clear, however, that Plaintiff's claims in this action are baseless on the merits.  In keeping with the purpose of the injunction, the Court will discuss concisely only some of the deficiencies that plague Plaintiff's Complaint, if for no other reason, than in the hope that Plaintiff will one day tame his instinct to bring meritless lawsuits.

The claims against Defendant Bonstrom are dismissed, because Bonstrom is not a state actor, which means that he cannot be sued under 42 U.S.C. § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (holding that appointed counsel does not act "under color of" state law).  Nor can Plaintiff sue Bonstrom for not advancing his claim under *Brady v. Maryland*, 373 U.S. 83 (1963), because the certificate of appealability from the Second Circuit did not include a *Brady* issue, which bars Plaintiff's counsel from raising that issue.  *See* 28 U.S.C. § 2253(c)(1)-(3).  Furthermore, the relief Plaintiff seeks against Bonstrom exceeds this Court's jurisdiction, because this Court cannot enjoin an order by the Second Circuit appointing *amicus* counsel.

Plaintiff's claims against Defendants Morgenthau, Keller and Miller are dismissed pursuant to the doctrine of *res judicata*, because Plaintiff has already litigated and lost three prior civil actions against these Defendants involving the same claims.  *See Saunders v. City & County of New York*, 2000 WL 1336174, at *1; *Saunders v. City of New York*, No. 99 Civ. 9206; *Saunders v. N.Y. State Div. of Parole*, No. 96 Civ. 6919.  In addition, the applicable statute of limitations in this case is three years.  *See Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("The statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years."); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993).  At best, Plaintiff's claims accrued in October 1992, when Plaintiff's criminal

4

trial commenced. *See Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (noting that a claim

accrues when "plaintiff knows or has reason to know of the harm") (quoting *Eagleston v. Guido*,

41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks and citation omitted)). Thus, the

Complaint was filed more than twelve years after the accrual date, and is barred by the statute of

limitations.

Finally, Plaintiff's claims against the Division of Parole are dismissed because they are

barred by the statute of limitations, as discussed above. Plaintiff's claims against this Defendant

accrued when he was denied parole, which was in 1995. This claim far exceeds the three-year

statute of limitations. The lawsuit is also barred by the doctrine of *res judicata*, because Plaintiff

has already unsuccessfully sued the Division of Parole for the same underlying conduct. *See*

*Saunders v. Div. of Parole*, No. 97 Civ. 5751. In addition, the Division of Parole is immune to

suit in federal court under the Eleventh Amendment to the Constitution. *See Seminole Tribe of*

*Florida v. Florida*, 517 U.S. 44 (1996); *Nat'l Foods, Inc. v. Rubin*, 936 F.2d 656 (2d Cir. 1991).

For all of the aforementioned reasons, Plaintiff's case is dismissed. The Clerk of the

Court is directed to terminate the motions and close the case.

SO ORDERED.

Dated:          December 13 , 2006
                New York, New York

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

Service List:

Bill Saunders
119-19 18th Ave. #1-D
College Point, NY 11356
(917) 806-0538
*Pro Se Plaintiff*

Kim P. Bonstrom, Esq.
Bonstrom & Murphy
30 West 86th St. Suite 8B
New York, NY 10024
(212) 586-5504
*Pro Se Defendant and Counsel for Defendant Bonstrom & Murray*

Eliot Spitzer, Esq.
Kevin P. McCaffrey, Esq.
Office of the Attorney General
120 Broadway
New York, NY 10271
(212) 416-6296
*Counsel for Defendants Division of Parole, et al.*

Robert M. Morgenthau, Esq.
Michael S. Morgan, Esq.
Office of the District Attorney
One Hogan Place
New York, NY 10013
(212) 335-9000
Fax: (212) 335-9288
*Counsel for Defendants Office of the District Attorney, et al.*

Michael A. Cardozo, Esq.
Prathyusha Bandi Reddy, Esq.
Corporation Counsel of the City of New York
100 Church St.
New York, NY 10007
(212) 788-0963
Fax: (212) 788-9776
*Counsel for Defendants City of New York, et al.*